UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSEPH M.,[1]

                                   Plaintiff,            Case # 20-cv-7004-FPG

v.                                               DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                   Defendant.

## INTRODUCTION

On March 10, 2017, Plaintiff Joseph M. protectively applied for Supplemental Security Income under Title XVI of the Social Security Act (the "Act"). Tr.[2] 24. The Social Security Administration ("the SSA") denied his claim and Plaintiff appeared at a hearing before Administrative Law Judge ("ALJ") John P. Costello on July 22, 2019. *Id.* On October 8, 2019, the ALJ issued an unfavorable decision. Tr. 21-39. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the SSA. Tr. 1. Plaintiff then appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 10, 11. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and the ALJ's decision is REMANDED to the Commissioner for further administrative proceedings.

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only his first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter.  ECF No. 7.

[3]  The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

**LEGAL STANDARD**

I.      **District Court Review**

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

II.     **Disability Determination**

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 416.920.

**DISCUSSION**

**I.     The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits using the process described above.  At step

one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 10,

2017, the application date. Tr. 26. At step two, the ALJ found that Plaintiff has the following severe

impairments: anxiety, depression, attention deficit hyperactivity disorder ("ADHD"), and learning

disorder.  *Id.* At step three, the ALJ found that Plaintiff does not have an impairment or

combination of impairments that meet or medically equal the severity of one of the listed

impairments. Tr. 27.  The ALJ then determined that Plaintiff maintained the RFC to perform a full

range of work at all exertional levels. Tr. 28 However, the ALJ found that Plaintiff had non-

exertional limitations, including that Plaintiff can tolerate low stress work; is limited to occasional

interaction with coworkers, the general public, and supervisors; and can perform simple, routine

tasks. *Id.*

In formulating the RFC, the ALJ determined that although Plaintiff's medically determined

impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's statements

concerning the intensity, persistence, and limiting effects of these symptoms were not entirely

consistent with the medical and other evidence in the record. Tr. 29. Because Plaintiff had not had

medical care for nearly two years, the ALJ considered three consultative examinations along with

Plaintiff's educational and treatment records in developing the RFC. Tr. 30-31.

The ALJ first considered an August 2019 psychiatric consultative examination performed

by Stephen Farmer, Psy.D. Tr. 30. Dr. Farmer found that Plaintiff's attention, concentration, and

memory skills were intact and that his insight and judgment were "fair." Tr. 682. Dr. Farmer stated

that although Plaintiff has some mild limitations, he would, among other things, be able to "use

3

reason and judgment to make work-related decisions, sustain an ordinary routine and regular attendance at work" and "understand, remember, and apply simple or complex directions or instructions." *Id.* Accordingly, Dr. Farmer concluded that, while Plaintiff had some mild limitations resulting from mild anxiety and depression, the examination results were consistent with psychiatric problems that "did not appear to be significant enough to interfere with [Plaintiff's] ability to function on a daily basis." *Id.* The ALJ gave these findings great weight, noting that the Dr. Farmer "performed a thorough examination," that the opinion was "well supported," and that Dr. Farmer's determination that Plaintiff's cognitive functioning appeared to be average was consistent with prior intellectual testing. Tr. 30.

In contrast, the ALJ gave only limited weight to a June 2017 psychiatric consultative examination performed by Adam Brownfeld, Ph.D. Tr. 30-31. Unlike Dr. Farmer, Dr. Brownfeld had moderate limitations in sustaining attention and maintaining an ordinary routine and regular attendance at work. Tr. 519. He also opined that Plaintiff had "marked limitations in the ability to apply complex directions and instructions and to regulate emotions, control behavior, and maintain wellbeing." Tr. 520. Accordingly, Dr. Brownfeld concluded that the results of his evaluation "appeared to be consistent with psychiatric and cognitive problems that might significantly interfere with [Plaintiff's] ability to function on a daily basis." *Id.* The ALJ accorded only limited weight to Dr. Brownfeld's opinion, concluding that Dr. Farmer's more recent opinion was "a better reflection of [Plaintiff's] functional ability." Tr. 31.

Finally, the ALJ considered a physical consultative examination performed by Trevor Litchmore, M.D. Tr. 31. Dr. Litchmore opined that Plaintiff has "limitations related to exposure to environmental allergens and respiratory irritants." Tr. 516. The ALJ gave significant weight to this opinion. Tr. 31

The ALJ also considered Plaintiff's educational and treatment records. Tr. 32. After reviewing these records, the ALJ determined that Plaintiff's difficulties appeared to be "primarily related to absences and a failure to fully participate in treatment." *Id.* While the ALJ acknowledged that Plaintiff "does have some problems with attention and personal interaction even when he participates in treatment," he concluded that "the RFC assessment accounts for those limitations." *Id.*

At steps four and five, the ALJ concluded that there were jobs that existed in the economy that Plaintiff could perform including, for example, hand packager and laundry worker. Tr. 33. Accordingly, the ALJ found that Plaintiff was not disabled.  *Id.*

## II.     New Evidence and the Appeals Council's Decision

Plaintiff requested Appeals Council review of the ALJ's decision and submitted new evidence consisting of a statement completed by Scott Gaskill, LCSW-R, dated August 10, 2020. Tr. 2; ECF No. 10-1 at 9. Mr. Gaskill stated that he saw Plaintiff during three sessions from March 10, 2020 to April 2, 2020. Tr. 10. He also noted that Plaintiff missed two scheduled sessions during that time. *Id.* Although Mr. Gaskill had developed a treatment plan with Plaintiff during their sessions, he did not have the opportunity "to put that treatment plan into place in any meaningful way." Tr. 10. Mr. Gaskill evaluated Plaintiff for major depressive disorder, recurrent. Tr. 10. He also stated that Plaintiff had serious limitations in maintaining attention for two-hour segments, maintaining regular attendance and punctuality, completing a normal workday and workweek without interruptions from psychologically based symptoms, and accepting instructions and responding appropriately to criticism from supervisors. Tr. 12. Mr. Gaskill also opined that Plaintiff had serious limitations in understanding and remembering detailed instructions as well as carrying out those instructions. Tr. 13. He estimated that Plaintiff's limitations would cause him

to be absent from work about four days per month. Tr. 14. In response to a question asking "[i]n your professional opinion, have these conditions and limitations from conditions existed since March 10, 2017," Mr. Gaskill wrote "yes." *Id.* When asked for the earliest date on which the description of Plaintiff's limitations applied, he wrote "re-evaluate in 6-9 [months] to determine whether part-time work might be appropriate." *Id.*

The Appeals Council denied Plaintiff's request for review. Tr. 1. Although it acknowledged the additional evidence, it stated that because the ALJ decided "[Plaintiff's] case through October 8, 2019," the evidence "does not relate to the period at issue." Tr. 2. Therefore, the Appeals Council stated, it "does not affect the decision about whether [Plaintiff was] disabled beginning on or before October 8, 2019." *Id.*

## III.    Analysis

Plaintiff argues that remand is required because the Appeals Council refused to consider new evidence—Mr. Gaskill's statement—that he submitted during his administrative appeal. ECF No. 10 at 10-15. Because the Appeals Council erroneously concluded that the evidence did not relate to the relevant time period, the Court agrees.

Under 20 C.F.R. § 416.1470(a)(5), the Appeals Council must review a case if it receives "additional evidence that is new, material, and relates to the time period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." A claimant must also show good cause for not submitting the evidence earlier in the administrative process. *Id.* § 416.1470(b). If the Appeals Council incorrectly finds that new evidence does not relate to the period at issue and erroneously declines to consider it, the proper course is to remand the case to the Commissioner "for reconsideration in

light of the new evidence." *Redic v. Comm'r of Soc. Sec.*, No. 18-CV-6225, 2019 WL 1512556, at

*5 (W.D.N.Y. Apr. 8, 2019).

Here, Mr. Gaskill's statement met the requirements of Section 416.1470(a)(5). It is new,

and Plaintiff had good cause for failing to submit it to the ALJ because it did not exist until after

the ALJ issued his decision. *See Simon v. Berryhill*, No. 16-CV-4088, 2017 WL 4736732, at *2

(E.D.N.Y. Oct. 16, 2017) ("When evidence submitted by the applicant did not exist at the time of

the ALJ's hearing, there is no question that the evidence is new and that good cause existed for

applicant's failure to submit this evidence to the ALJ" (citation, quotation marks, and alterations

omitted)); *Anthony P.B. v. Comm'r of Soc. Sec.*, No. 19-CV-947, 2021 WL 288769, at *3

(W.D.N.Y. Jan. 28, 2021) ("Evidence is 'new' if it did not exist prior to the ALJ's decision."). Mr.

Gaskill's statement is not cumulative, as he had no other opinion in the record. *See Redic*, 2019

WL 1512556, at *4 (evidence new where not cumulative of other record evidence); *Norma P. v.

Comm'r of Soc. Sec.*, No. 19-CV-774, 2021 WL 630904, at *3 (W.D.N.Y. Feb. 18, 2021) (evidence

not cumulative where source had no other opinion in the record). It is also material, as it concerns

Plaintiff's symptoms and assesses the degree to which those symptoms would affect his ability to

function in the workplace. *See Norma P.*, 2021 WL 630904, at *3 (new evidence material where

it concerned claimant's medical conditions and assessed the degree to which symptoms would

functionally limit ability to work).

Furthermore, contrary to the Appeals Council's mischaracterization, the statement relates

to the period at issue because Mr. Gaskill expressly indicated that in his professional opinion, the

"conditions and limitations from conditions existed since March 10, 2017." Tr. 14. Moreover, the

statement refers to, among other things, Plaintiff's depression and associated symptoms, Tr. 10-

11, which the ALJ found to be a severe impairment, Tr. 26, and is a condition that Plaintiff has

experienced for several years, *see e.g.*, Tr. 29-30 (describing Plaintiff's history of mental health challenges beginning at age 15); *see also Redic*, 2019 WL 1512556, at \*4 (opinion related to relevant time period where it referred to condition ALJ found was severe and was ongoing for many years despite not explicitly referring to the relevant period). The Commissioner's argument that Mr. Gaskill could not provide a retrospective statement because he did not begin treating Plaintiff until after the ALJ's decision, ECF No. 11-1 at 15, is therefore unpersuasive. *See e.g.*, *Hollinsworth v. Colvin*, No. 15-CV-543, 2016 WL 5844298, at \*3 (W.D.N.Y. Oct. 6, 2016) (evidence from source who first began treating claimant approximately three months after ALJ's decision related to relevant time period).

Finally, there is a reasonable probability that this additional evidence would change the outcome of the decision because Mr. Gaskill opined that Plaintiff is seriously limited in ways that would undermine the ALJ's determination of non-disability, if credited. For example, Mr. Gaskill stated that Plaintiff is seriously limited in his ability to maintain attention for two-hour segments, maintain regular attendance and punctuality, complete a normal workday and workweek without interruptions from psychologically based symptoms, and accept instructions and respond appropriately to criticism from supervisors. Tr. 12. Mr. Gaskill also stated that Plaintiff's impairments would cause him to miss, on average, four days of work per month. Tr. 14. This evidence, which is more consistent with the results of Dr. Brownfeld's consultative examination than Dr. Farmer's, could have influenced the ALJ's assessment of Plaintiff's impairments during the relevant period as well as the weight accorded to Dr. Brownfeld's opinion. This evidence also undermines the ALJ's determination in light of the vocational expert's testimony that a person whose attendance would be unpredictable because of his inability to regulate emotions, control behavior, or maintain well-being would not be able to find work in the national economy. Tr. 81;

*see Redic*, 2019 WL 1512556, at *4.[4] The Appeals Council therefore erred in declining to consider it.

While the Commissioner also argues that the Appeals Council acted appropriately because Mr. Gaskill's findings were inconsistent with other evidence in the record, ECF No. 11-1 at 18-19, the Commissioner cannot substitute her own rationale for that of the Appeals Council. *See Hunter v Comm'r of Soc. Sec.*, No. 18-CV-1140, 2019 WL 13219344, at *3 (W.D.N.Y. Oct. 16, 2019) (quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d. Cir. 1999) ("A reviewing court may not accept appellate counsel's *post hoc* rationalizations for agency action.")).

Mr. Gaskill's statement met the requirements of Section 416.1470(a)(5), and the Appeals Council erred when it denied review on the basis that his statement did not relate to the relevant time period. Therefore, this matter must be remanded to the Commissioner for further proceedings.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 10, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 11, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 24, 2023
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

---

[4] Mr. Gaskill also opined that Plaintiff could not, in his opinion, "engage in full-time competitive employment on a sustained basis." Tr. 14. Although the determination of whether a claimant is disabled is reserved to the Commissioner, 20 C.F.R. § 416.927(d), the SSA "will review all of the medical findings and other evidence that support a medical source's statement that [a claimant is] disabled." *Id.* § 416.927(d)(1).